Jonathan A. Harris (admitted *pro hac vice*)
Email: *jharris@axinn.com*
John M. Tanski (admitted *pro hac vice*)
Email: *jtanski@axinn.com*
Axinn, Veltrop & Harkrider LLP
90 State House Square
Hartford, CT 06103
Telephone: 860.275.8100
Facsimile: 860.275.8101

Amy E. Pomerantz (SBN 275691)
Email: *pomerantz@caldwell-leslie.com*
CALDWELL LESLIE & PROCTOR, PC
725 South Figueroa Street, 31st Floor
Los Angeles, CA 90017-5524
Telephone: 213.629.9040
Facsimile: 213.629.9022

*Attorneys for Plaintiff Par Sterile Products, LLC*

[Counsel for Additional Parties Listed on Signature Page]

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| PAR STERILE PRODUCTS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>HOSPIRA, INC., INTERNATIONAL MEDICATION SYSTEMS, LTD., and AMERICAN REGENT, INC.,<br><br>Defendants. | Case No. 2:13-cv-07460-DDP (Ex)<br><br>[~~PROPOSED~~] **STIPULATED PROTECTIVE ORDER**<br><br>Magistrate Judge Charles F. Eick |

Plaintiff Par Sterile Products, and Defendants Hospira, Inc., International Medication Systems, Ltd., and American Regent, Inc. ("the Parties") request the Court to approve and enter this Stipulated Protective Order and respectfully show as follows:

The Parties anticipate the production of certain information, documents, and things of the Parties subject to discovery or disclosure in this action that may be claimed to be or deemed to contain sensitive, confidential, trade secret and/or proprietary information, or for which the producing party has a reasonable expectation of privacy; and

In order to limit disclosure and prevent the misuse of confidential and proprietary information for purposes other than the prosecution or defense of this action, the Parties, by their attorneys, hereby agree and stipulate to the following terms of a protective order governing the handling, disclosure and retention of Confidential, Highly Confidential, and Highly Confidential-FDA Submission information exchanged between the Parting regarding this action.

IT IS HEREBY STIPULATED by and between the Parties hereto, through their respective counsel, subject to approval of this Court, that a Stipulated Protective Order as set forth hereinafter be entered.

IT IS HEREBY ORDERED THAT the following procedures shall be employed and the following restrictions shall govern these proceedings:

1. This Stipulated Protective Order applies to all information, documents and things subject to discovery in this action produced by a Party (defined as any party to this Action, including its officers, directors, employees, consultants, retained experts, and counsel (and their respective support staffs)) or a non-party, in response to or in connection with any discovery conducted by another Party, including without limitation, deposition testimony (whether based upon oral examination or written questions), documents used as exhibits in depositions,

answers to interrogatories, responses to requests for admission, documents and things produced, including documents and things produced to a Party by another Party or non-party, whether in the form of originals or copies, as well as any and all copies, abstracts digests, notes, summaries and excerpts thereof (collectively, the "Discovery Materials," or "Material(s)").

2. In connection with discovery proceedings in the Action, any Party and non-party to these proceedings shall have the right to designate ("Designating Party") any information, document, or thing, or portion of any document or thing as "Confidential", "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential – FDA Submission" under the terms of this Stipulated Protective Order. A Designating Party need not be the producing or disclosing party of the Protected Material.

    a. **CONFIDENTIAL**: The designation of information as Confidential shall be limited to information which the disclosing Party or non-party believes in good faith to constitute, contain, reveal, or reflect non-public sensitive information, including, by way of example and not of limitation, trade secrets, business plans or marketing plans, business strategies, pricing policies or plans, financial records, and confidential research, development, commercial, or personnel information relating to its business, or which was disclosed to it in confidence by another person, the disclosure of which to general public could adversely prejudice the Designating Party or its business, or information in which the Designating Party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure. Any summary, compilation or copy of any Confidential Material shall also constitute Confidential Material.

Any Party to these proceedings, or any third-party covered by this Order, who produces or discloses any Confidential Material, including, without limitation, any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the legend "CONFIDENTIAL" at the time of its production, if practicable, or shall otherwise designate it as "Confidential" in accordance with the terms of this order (hereinafter "Confidential").

b. **HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY:** The designation of "Highly Confidential –Attorneys' Eyes Only" (herein "Highly Confidential") may be used by a Designating Party for any subset of "CONFIDENTIAL" information, the disclosure of which is likely to provide a significant competitive or economic advantage to a competitor, including by way of example and not of limitation, information relating to sensitive technical, medical, and competitive information, financial information and forecasts, products in development, and plans, strategies, and programs, including documents or things that relate to the following: (a) research and development, (b) future or pipeline products, (c) products that are not embodiments of this suit, (d) customer, vendor, supplier, and sales representatives names and identifying information, (e) test protocols, (f) individual unit pricing, (g) inventory, (h) marketing strategies and forecasts, (i) current and/or future competitive analyses, or (j) information the designating Party or non-party reasonably believes constitutes sensitive information, the disclosure of which is likely to result in unfair competitive, financial or

commercial advantage to the Receiving Party (i.e., party that receives Discovery Material). Any summary, compilation or copy of any Highly Confidential Material shall also constitute Highly Confidential Material. Any Party to the proceedings or any third Party who is covered by this Order, who produces or discloses any Highly Confidential material, including, without limitation, any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the legend "HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY" at the time of its production, if practicable, or shall otherwise designate it as "Highly Confidential – Attorneys' Eyes Only" in a transmittal message, in a file name or in file metadata (hereinafter "Highly Confidential"). If such "Highly Confidential – Attorneys' Eyes Only" material is also specifically and directly related to a parties' FDA submission in connection with its epinephrine injection product(s), then such material shall be designated instead as "Highly Confidential-FDA Submission".

3. The protections conferred by this Order cover not only "Confidential," "Highly Confidential –Attorneys' Eyes Only," or "Highly Confidential-FDA Submission" material, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel to or in court or in other settings that might reveal "Confidential," "Highly Confidential –Attorneys' Eyes Only," or "Highly Confidential-FDA Submission" material.

4. Each Designating Party must take care to limit any such designation to specific material that qualifies under appropriate standards. A Designating Party

must take care to designate for protection only those portions of material that qualify — so that other portions for which protection is not warranted are not unjustifiably swept within the ambit of this Order.

5. If it comes to a Party's or non-party's attention that Discovery Material that it designated for protection does not qualify for protection at all, or does not qualify for the level of protection initially asserted, that Party or non-party must promptly correct its designation and notify all Receiving Parties of the correction.

6. All Confidential, Highly Confidential, and Highly Confidential-FDA Submission material shall be used by the receiving Party solely for purposes of the negotiation, litigation, prosecution, defense, or settlement of these proceedings, shall not be used by the receiving Party for any business, commercial, competitive, personal, or other purpose, and shall not be disclosed by the receiving Party to anyone other than persons identified in Paragraphs 7 and 8 unless and until the restrictions herein are removed either by written agreement of counsel for the parties or by Order of the Court.

    a. It is, however, understood that counsel for a Party may give advice and opinions to his or her client solely relating to these proceedings based on his or her evaluation of Confidential, Highly Confidential, or Highly Confidential-FDA Submission material, provided that such advice and opinions shall not reveal the content of the Confidential, Highly Confidential, or Highly Confidential-FDA Submission material to anyone other than persons identified in Paragraphs 7 and 8 except by prior written agreement of counsel for the parties or by Order of the Court.

    b. For the duration of this litigation (including any appeals) and for one year after its termination, any in-house lawyer who receives "Highly Confidential-FDA Submission" material in this case

may not thereafter engage in the preparation or submission of any United States Food and Drug Administration correspondence (including, but not limited to, citizen petitions) or any similar correspondence in any foreign country regarding approval for (i) products containing epinephrine, (ii) formulations containing epinephrine, (iii) processes for making epinephrine formulations or products containing epinephrine, or (iv) methods of treatment involving epinephrine.

7. Material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL-FDA SUBMISSION" may not be given, shown, made available, disclosed, or communicated to anyone except the following:

  a. The Court and Court personnel, including special masters, referees and mediators;

  b. Outside Counsel of record in these proceedings and their law firm's active members, associate attorneys, and contract or temporary attorneys retained by such law firms to work on these proceedings ("Counsel"), the contract or temporary attorneys of whom will sign a non-disclosure agreement in the form attached hereto as Exhibit A;

  c. Outside experts or consultants retained by Counsel for purposes of these proceedings, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

  d. Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

  e. For each Party, no more than two (2) in-house attorneys who have signed a non-disclosure agreement, in the form attached

Case 2:13-cv-07460-DDP-E

hereto as Exhibit A. No fewer than five (5) business days prior to the disclosure of Highly Confidential information to any such in-house attorney, he or she shall be identified in writing to all other Parties and non-parties that have designated any information as Highly Confidential;

f. Any deponent during a deposition, or in preparation for a deposition, where the deponent is the original source of the information, is specifically identified as an author, addressee, or recipient of the Highly Confidential material in question, or otherwise has knowledge of the information;

g. Vendors retained by or for the parties to assist in preparing for pretrial discovery, (including employees of any firm retained to reproduce the discovery material for use in accordance with this Stipulated Protective Order) litigation, trial and/or hearings including, but not limited to, court reporters, videographers, litigation support personnel, jury consultants, individuals preparing demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, provided they, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials, have signed a non-disclosure agreement, in the form attached hereto as Exhibit A.

h. Any other person or entity upon order of the Court or upon stipulation of the producing Party or non-party.

i. Proof of each written agreement provided for under paragraph 7 shall be preserved by each of the Parties while the action is

            pending and turned over to the other Parties if the Court so orders.

8. Material designated "CONFIDENTIAL" may not be given, shown, made available, disclosed, or communicated to anyone except the following:

    a. Those individuals described in Paragraph 7;

    b. The Parties, their principals, officers and directors; employees of the Party who have been designated by a Party as directly involved in the prosecution or defense of the action by the Party and that Party has previously identified those employees, in writing, to the producing party;

    c. Actual deposition or trial witnesses (including use in connection with the preparation of said witnesses).

    d. Any insurer which may be used to satisfy part or all of any judgment in this action.

    e. Proof of each written agreement provided for under paragraph 8 shall be preserved by each of the Parties while the action is pending and turned over to the other Parties if the Court so orders.

9. Confidential, Highly Confidential, or Highly Confidential-FDA Submission material shall be used only by individuals permitted to access such material under paragraphs 7 and 8. Confidential, Highly Confidential, or Highly Confidential-FDA Submission material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) counsel of the Party asserting confidentiality expressly waives the claim of confidentiality in writing, or (b) the Court orders such a disclosure.

10. A Party may designate information in deposition testimony as Confidential, Highly Confidential, or Highly Confidential-FDA Submission by

stating on the record at the deposition that the information is Confidential, Highly Confidential, or Highly Confidential-FDA Submission or by advising the opposing Party and the stenographer and videographer (if any) in writing, within thirty (30) days after receipt of the deposition transcript, that the information is Confidential, Highly Confidential, or Highly Confidential-FDA Submission. Whether or not designation is made at the time of a deposition, all depositions shall be treated as Highly Confidential from the taking of the deposition until thirty (30) days after receipt of the transcript. At any deposition, to the extent Highly Confidential or Highly Confidential-FDA Submission documents are used or Highly Confidential or Highly Confidential-FDA Submission information is discussed, at the request of either Party, the room will be closed to anyone other than the individuals described in Paragraph 7, unless otherwise agreed upon by the Parties on a deposition-by-deposition basis.

    11. If counsel for a Party receiving documents or information designated as Confidential, Highly Confidential, or Highly Confidential-FDA Submission hereunder objects to such designation of any or all of such items, the following procedure shall apply:

    a. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, foreseeable avoidable burdens, or a later-occurring foreseeable significant disruption or delay of the litigation, an objecting party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

    b. Counsel for the objecting Party shall serve on the Designating Party or third Party a written objection to such designation, which shall describe with particularity the documents or

information in question and shall state the grounds for objection. The Parties shall then confer in good faith in an attempt to resolve the dispute.

    c.    Following such consultation, if a dispute as to a designation of a document or item of information cannot be resolved by agreement, the objecting party may file a notice requesting an order requiring redesignation of the information in dispute. If the Designating Party persists in its designations, the Designating Party may file a motion within 10 days after the notice is filed, providing a declaration that confidentiality designations are valid. Such a motion may not assert a basis for a confidentiality designation on any ground that was not substantively discussed in the meet and confer process. The motion must specifically identify the designated material for which the Designating Party wishes to maintain the confidentiality designations and set forth the basis for each designation. The Designating Party will have the burden of persuasion in any challenge. If such a motion is filed, until the court rules on the motion, all parties must continue to treat the material in question with the level of protection for which it was designated.

12.    All requests to seal documents filed with the Court shall comply with the Local Rules of the United States District Court for the Central District of California. If the filing Party is not the designating Party and is unaware of the specific basis for the designating Party having designated the subject material as Confidential, Highly Confidential, or Highly Confidential-FDA Submission, then the filing Party nonetheless is obligated to make a reasonable effort when filing the subject material to seal such material. In the event the filing Party takes exception

to any designation of the subject material by the Designating Party, then the filing Party shall seek relief from such designation pursuant to the procedures set forth in this Order.

13. If a Designating Party determines that Discovery Material was not correctly designated at the time of production, it must promptly notify all Receiving Parties of the correct designation. If Discovery Materials are redesignated with a higher level of confidentiality than when they were originally produced, all Receiving Parties who received a copy of the material before the correction must affix appropriate legends to their copies to indicate the corrected designations and take reasonable steps to retrieve all copies of the newly designated material from persons who were previously given access to the material but who are no longer permitted to have such access.

14. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential, Highly Confidential, or Highly Confidential-FDA Submission material that should have been designated as such, regardless of whether the information, document, or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a Party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all Parties to whom the material was disclosed that the material should have been designated Confidential, Highly Confidential, or Highly Confidential-FDA Submission within a reasonable time after disclosures. Such notice shall constitute a designation of the information, document or thing as Confidential, Highly Confidential, or Highly Confidential-FDA Submission under this Stipulated Protective Order.

15. The inadvertent failure by a Party to designate specific documents or materials as containing Confidential, Highly Confidential, or Highly Confidential-FDA Submission information or incorrectly labeling such documents shall not be deemed a waiver in whole or in part of a claim of confidentiality as to such documents or materials. Upon notice to each Party of such failure to designate, each Party shall cooperate to restore the confidentiality of the inadvertently disclosed information.

16. Whether inadvertent or otherwise, furnishing of documents (including physical objects) to a receiving party; using documents in depositions, pleadings or any written discovery; or disclosing documents to the Court shall not constitute a waiver of the attorney-client privilege, work product immunity or other immunity from discovery, with respect to any document or physical object so furnished, provided that the producing Party shall notify the receiving Party within a reasonable amount of time of discovery in writing and request such documents or material be returned or destroyed.

    a. Such notification by the producing Party must disclose the basis for the assertion of privilege, and shall constitute reasonable precautions to prevent disclosure and reasonably prompt measures to rectify the production within the meaning of Fed. R. Evid. 502(b)(3).

    b. Upon receiving adequate written notice from the producing Party of production of privileged material or attorney work product, all such information, including electronic and paper copies thereof and any documents referencing such information including analyses, memoranda, or notes, shall be destroyed and not used by the receiving Party. The receiving Party shall confirm destruction of all such information in writing within ten (10)

business days of receiving notification by the producing Party. In addition to disclosing the basis for her, his or its assertion of privilege in the notification, the producing Party must list any such document on a privilege log within ten (10) business days following receipt of the receiving Party's confirmation that the document has been destroyed.

c. If the Parties disagree about the disposition of such material after conferring in good faith, then either side may move the Court for a resolution of the claim of privilege or work product protection. While any such dispute is ongoing, the receiving Party may retain the documents or information. Under no circumstances may the receiving Party use the document or its contents in challenging an assertion of privilege or work product protection.

d. While the receiving Party may thereafter move to compel production of the previously produced material, said Party may not assert as a ground for compelling production the fact or circumstance that the material has already been produced or disclosed, whether inadvertent or not.

e. Paragraph 16 and its subparagraphs shall be construed to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

17. No information that is in the public domain or which is already known by the receiving Party through proper means or which is or becomes available to a Party from a source other than the Party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential, Highly Confidential, or Highly Confidential-FDA Submission material under this Stipulated Protective Order.

18. Nothing contained herein shall prevent any Party from disclosing its own Confidential, Highly Confidential, or Highly Confidential-FDA Submission Material or information contained therein as it deems appropriate.

19. Confidential, Highly Confidential, or Highly Confidential-FDA Submission material may become known and generally available to the public through means other than acts or omissions by a Receiving Party. If that occurs, such material will lose its protected status at the time it becomes known and generally available to the public, and a Receiving Party may challenge the designation.

20. Information contained in Protected Material may be available to a Receiving Party through means other than discovery governed by this Order, even if it is not known and generally available to the public. If a Receiving Party acquires such information through legal means, this Order will not prohibit the Receiving Party from disclosing the information acquired through such other means. This Order does not alter any obligations or conditions imposed on the Receiving Party by the circumstances under which it acquired such information, such as acquisition under a nondisclosure agreement.

21. If a Receiving Party learns that Confidential, Highly Confidential, or Highly Confidential-FDA Submission material has been accessed or used by a person or in a manner not authorized by this Order and is certain that such access was not attributable to any act or omission by it, the Receiving Party must promptly notify the Designating Party of the unauthorized access or use. If a Receiving Party learns that such protected material has been accessed or used by a person or in a manner not authorized by this Order and such access or use may be due to an act or omission by the Receiving Party, the Receiving Party must promptly do the following: (a) notify the Designating Party of the unauthorized access or use, (b) use its best efforts to retrieve all copies of the protected material that were

inappropriately accessed or used, (c) provide a copy of this Order to each person to whom unauthorized access or use was available, and (d) request that each such person execute a copy of the Consent To Be Bound By Stipulated Protective Order that is attached hereto as Exhibit A.

22. Upon receipt of any request or subpoena for Confidential, Highly Confidential, or Highly Confidential-FDA Submission material, the Party receiving the request or subpoena shall, within fifteen (15) days of receipt, notify counsel of record for the producing Party of the request or subpoena, so that the latter may protect its interests.

23. This Stipulated Protective Order shall not deprive any Party of its right to object to discovery by any other Party or on any otherwise permitted ground. This Protective Order is being entered without prejudice to the right of any Party or affected non-party to move the Court for modification or for relief from any of its terms.

24. Within sixty (60) calendar days of the final termination of these proceedings, including all appeals, each Party or other individual subject to the terms hereof must either return to the producing Party or destroy all documents and copies of documents containing the producing Party's Confidential, Highly Confidential, or Highly Confidential-FDA Submission information. The Party returning and/or destroying the producing Party's Confidential, Highly Confidential, and Highly Confidential-FDA Submission information must promptly certify in writing her, his or its compliance with the requirements of this paragraph. Notwithstanding the requirements of this paragraph, outside counsel of record and each Party may retain one archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, and all documents filed with the Court as well as any attorney work product generated in connection with the litigation of this case,

which shall continue to be subject to all requirements of this Stipulated Protective Order.

25. The United States District Court for the Central District of California is responsible for the interpretation and enforcement of this Stipulated Protective Order. All disputes concerning Confidential, Highly Confidential, or Highly Confidential-FDA Submission material produced under the protection of this Order shall be resolved by this Court. Every individual who receives any Confidential, Highly Confidential, or Highly Confidential-FDA Submission material agrees to subject herself, himself or itself to the jurisdiction of this Court for the purpose of any proceedings related to performance under, compliance with, or violation of this Order.

26. This Stipulated Protective Order has been agreed to by the Parties to facilitate discovery and the production of relevant evidence in these proceedings. Neither the agreement of the Parties, nor the designation of any information, document, or the like as Confidential, Highly Confidential, or Highly Confidential-FDA Submission information, nor the failure to make such designation, shall constitute evidence with respect to any issue in these proceedings.

27. This Stipulated Protective Order shall survive the termination of these proceedings and shall remain in full force and effect unless modified by an Order of the Court. Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

28. Any person or entity who is not a Party to this Action may invoke this Order by written notice to all Parties and may designate Discovery Material as Protected Material in accordance with the terms of this Order.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: February 23, 2015         AXINN, VELTROP & HARKRIDER, LLP

By: /s/ John M. Tanski (per authorization)
    Jonathan A. Harris (*pro hac vice*)
    John M. Tanski (*pro hac vice*)
Attorneys for Plaintiff
PAR STERILE PRODUCTS, LLC

Dated: February 23, 2015         CALDWELL LESLIE & PROCTOR, PC

By: /s/ Amy E. Pomerantz
    Amy E. Pomerantz
Attorneys for Plaintiff
PAR STERILE PRODUCTS, LLC

Dated: February 23, 2015         JONES DAY

By: /s/ Jeffrey A. Le Vee (per authorization)
    Jeffrey A. LeVee
    Kate Wallace
Attorneys for Defendant
HOSPIRA, INC.

Dated: February 23, 2015         VENABLE LLP

By: /s/ Bety Javidzad (per authorization)
    Daniel S. Silverman
    Bety Javidzad
Attorneys for Defendant
INTERNATIONAL MEDICATION
SYSTEMS, LTD.

Dated: February 23, 2015

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By: /s/ Bruce G. Chapman (per authorization)
Bruce G. Chapman
Bridgette A. Agness
Attorneys for Defendant
AMERICAN REGENT, INC.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: 2/24/15

The Honorable Charles F. Eick
United States Magistrate Judge

# EXHIBIT A

## CONSENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER

I, _____[print or type full name], of _____[print or type full address], am currently employed by _____[print or type full name of employer] as a/an _____[print or type present occupation], and I certify that I have read the agreed Stipulated Protective Order in the case styled *Par Sterile Products LLC v. Hospira et al.*, United States District Court for the Central District of California Western Division, No. 2:13-cv-07460. I fully understand the terms of the Order. I acknowledge that I am bound by the terms of the Order, and I will comply with those terms. I understand that failure to comply could expose me to sanctions and punishment in the nature of contempt. I agree that I will not use or disclose matter that is protected under that Order, except in strict compliance with that Order. I further agree that I submit to the jurisdiction and venue of the above-referenced court for proceedings relating to that Order, including enforcement or contempt proceedings, even if such proceedings occur after the termination of the case in which the Order was entered.

Signature: _____

Printed Name: _____

Date: _____